IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR274 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WALTER B. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of the defendant, Walter B. Jones (filing 61).[1]   Jones claims that his sentence is erroneous because (1) he did not receive any jail-time credit for time spent in state custody while also under federal indictment, (2) the sentence was not ordered to run concurrently with a subsequently imposed state-court sentence for an unrelated offense,[2] and (3) the sentence, imposed in accordance with the United States Sentencing Guidelines, contravenes <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

---

[1]  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] Although Jones is presently incarcerated at the Nebraska State Penitentiary, and has not begun serving his federal sentence, his § 2255 motion is not premature. See <u>Jackson v. United States</u>, 423 F.2d 1146 (8th Cir. 1970) (overruling <u>Ramsey v. United States</u>, 351 F.2d 31 (8th Cir. 1965)).

Jones pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine (Count I) and possession of a firearm during a drug trafficking conspiracy (Count II), and, on October 22, 2002, was sentenced by the undersigned to consecutive terms of imprisonment of 168 months on Count I and 60 months on Count II, followed by 5 years of supervised release. No appeal was filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to provide that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Since no direct appeal was taken in this case, Jones's conviction became final 10 days after entry of judgment, see Fed. R. App. P. 4(b)(1), or about November 8, 2002.[3]   The Supreme Court's decision in Booker was issued on January 12, 2005.

_____

[3] On July 11, 2005, Jones filed a motion for "nunc pro tunc and/or clarification of sentence" in which he attempted to raise the concurrent sentencing issue. I denied that motion on July 13, 2005. On August 3, 2005, he filed a motion for "sentencing clarification reconsideration and review." I denied that motion on August 12, 2005. On August 22, 2005, Jones filed a notice of appeal. On November 3, 2005, the

Jones's § 2255 motion was not filed until on or about April 17, 2006, which is more than one year after either of those dates.[4]

Accordingly,

IT IS ORDERED that:

1.     Defendant's § 2255 motion (filing 61) is denied as time-barred.

2.     Defendant's motion for leave to proceed in forma pauperis (filing 63) is denied without prejudice, as moot.

3.     Judgment shall be entered by separate document.

July 10, 2006.                          BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge

---

Eighth Circuit granted Jones's motion to dismiss the appeal.  These filings did not extend the time for bringing a § 2255 motion.

[4] Even if the AEDPA statute of limitations did not bar the Sentencing Guidelines claim, the United States Court of Appeals for the Eighth Circuit has held that Blakely and Booker do not apply retroactively to cases on collateral review.  See United States. v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir.2005).