IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR274 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WALTER B. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Defendant's notice of appeal (filing 66), which contains a request for issuance of a certificate of appealability, and upon Defendant's application for leave to proceed in forma pauperis ("IFP") on appeal (filing 67). Both requests will be denied.

Before Defendant can appeal this court's decision denying his § 2255 motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 529 U.S. 473, 484 (2000). In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Defendant's § 2255 motion was denied on initial review because it was barred by the one-year statute of limitations. The correctness of this procedural ruling is not debatable. As also noted in this court's previous memorandum and order, a collateral attack upon Defendant's sentence based upon Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), cannot proceed in any event under clear Eighth Circuit precedent. Thus, for the reasons set forth in this court's memorandum and order denying the § 2255 motion (filing 42), Defendant has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

Defendant has not previously been determined to be financially unable to obtain an adequate defense in a criminal case, and his motion to proceed IFP in this court in connection with his § 2255 motion was denied as moot. Therefore, Fed. R. App. P. 24(a)(3), which continues IFP status on appeal without further authorization, does not apply in this case. Authorization to proceed in forma pauperis on appeal requires that the appeal be taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith" for purposes of § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the same reasons that a certificate of appealability will not issue, I find that Defendant's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3), and that his motion to proceed IFP on appeal must be denied.[1]

---

[1] Pursuant to Fed. R. App. P. 24(a)(5), Defendant may file a motion in the Court of Appeals within 30 days to request leave from that Court to proceed IFP.

2

Accordingly,

IT IS ORDERED:

1.  Defendant's request for the issuance of a certificate of appealability (filing 66) is denied, and a certificate shall <u>not</u> issue in this case.

2.  Defendant's motion to proceed in forma pauperis on appeal (filing 67) is denied for the reason that Defendant's appeal is not taken in good faith.

3.  The Clerk of Court shall transmit a copy of this memorandum and order to the Clerk of the United States Court of Appeals for the Eighth Circuit and to the parties, including Defendant personally.

August 1, 2006.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   United States District Judge

3